Robert M. Kort (#016602)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
rkort@swlaw.com
Attorneys for Principal Life Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard L. Helms,<br><br>    Plaintiff,<br><br>v.<br><br>Principal Life Insurance Company,<br><br>    Defendant. | No.<br><br>**NOTICE OF REMOVAL** |

**TO:  THE HONORABLE JUDGES AND CLERK OF THE ABOVE-ENTITLED COURT**

   Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Principal Life Insurance Company ("Principal Life") hereby removes this action from the Superior Court of the State of Arizona in and for Maricopa County to the United States District Court for the District of Arizona.

**I. THE STATE COURT ACTION**

   1. On October 22, 2010, Plaintiff filed a complaint styled *Richard L. Helms v. Principal Life Insurance Co.*, No. CV-2010-017136, in the Superior Court of the State of Arizona in and for Maricopa County. Copies of the summons, complaint, certificate regarding compulsory arbitration and affidavit of service are attached as Exhibit A. Also on October 22, 2010, plaintiff filed a motion for preliminary injunction. Copies of the motion and supporting affidavit and exhibits are attached as Exhibit B.

2. Principal Life has not yet answered the complaint or responded to the motion. No further proceedings have occurred in this action.

3. The complaint alleges Principal Life's anticipatory breach of an alleged agreement to provide a "supplemental retirement income benefit." Specifically, the complaint alleges that by stating its intention to reduce benefits, Principal Life has repudiated the alleged agreement and breached an implied duty of good faith. Plaintiff seeks to enjoin any reduction in his benefits and seeks exemplary and punitive damages, attorneys' fees and costs, and other relief.

4. This case may be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1332 and 1441. Plaintiff's claims seek to clarify rights to future benefits under an ERISA plan, such that they are completely preempted by and arise under the laws of the United States. There is also complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441.

5. Plaintiff's claims arise under an "employee benefit" plan ("Plan") that provides him with a "supplemental retirement income benefit." *E.g.*, Complaint ¶¶ 4, 9. The Plan at issue is an "employee pension benefit plan" within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(2)(A).

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Specifically, this Court has subject matter jurisdiction under 29 U.S.C. § 1132(e)(1), which provides that "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter." Plaintiff's claims, while not alleged on their face to be claims under ERISA, can only be construed as such.

7. Plaintiff's allegations that Principal Life repudiated or breached the terms of the Plan are covered by ERISA, notwithstanding plaintiff's attempt to plead those

claims under Arizona contract law. *See, e.g., Aetna Health Inc. v. Davila*, 524 U.S. 200, 207-08 (2004) (in the context of ERISA preemption, holding that "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based in federal law") (citations omitted). Plaintiff's claims relate specifically to an ERISA-governed benefit plan, and the relief he seeks can only be provided, if at all, under ERISA. Therefore, any duties allegedly imposed by state law do not arise independently of ERISA or the Plan terms, and removal is proper under 28 U.S.C. §§ 1331 and 1441(a) and 29 U.S.C. § 1132(e). *Aetna Health*, 524 U.S. at 212-13; *accord Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1226 (9th Cir. 2005) ("Artful pleading does not alter the potential for this suit to frustrate the objectives of ERISA" where the "only factual basis for relief" pled in the complaint is defendant's refusal to provide benefits allegedly promised under an ERISA plan).

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

8. Additionally and alternatively, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Plaintiff, an individual, resides in and is a citizen of Arizona. Compl. ¶ 1.

10. Principal Life, a corporation, is incorporated, domiciled, and has its principal place of business in Iowa. *See* Compl. ¶ 2. Accordingly, Principal Life is a citizen of Iowa.

11. In his motion for preliminary injunction, plaintiff asserts that he seeks to enjoin any reduction in "monthly supplemental retirement income" benefits due under the Plan's "Opt Out Provision" in an amount that "was to be approximately equal to the cost of life insurance [under an alternative payout provision] surrendered at each age, calculated on an annual basis." Affidavit ¶ 8. Plaintiff alleges that Principal Life's

intended reduction in benefits would pay substantially less, particularly after he reaches age 74.  According to the schedules attached to plaintiff's affidavit, Principal Life intends to reduce benefits by a grand total of $77,103.12 by 2030, and by a grand total of $92,035.20 by 2032.  *See* Exhibit B, Affidavit in Support of Motion for Preliminary Injunction, Ex. 1 and Ex. 2, p. 2.[1]

**IV.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

12.   The complaint was served on Principal Life no earlier than October 25, 2010.  Therefore, this Notice of Removal has been timely filed within 30 days.  28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

13.   Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action are attached hereto as Exhibits A and B.

14.   This Court embraces the locality in which the state court action is now pending, and thus is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).

15.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court of the State of Arizona in and for Maricopa County.

16.   A filing fee of $350 has been tendered to the Clerk of the United States District Court for the District of Arizona.

WHEREFORE, defendant Principal Life Insurance Company respectfully removes this action from the Superior Court of the State of Arizona in and for Maricopa County to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1441 and 1446.  Should any question arise as to this removal, Principal Life respectfully requests an opportunity to provide briefing and argument as to why removal is proper.

---

[1] The monthly benefit payments under the original Plan (according to plaintiff) and the proposed reduced amount of benefits (according to plaintiff) are set forth in column 7 of the benefit schedules attached as Exhibits 1 and 2 to plaintiff's affidavit in support of his motion for preliminary injunction (Exhibit B hereto).  The alleged amount in controversy reflects the aggregate difference between those amounts, annualized.

- 4 -

1   DATED this 19th day of November, 2010.

2                      SNELL & WILMER L.L.P.

4             By  s/ Robert M. Kort
                  Robert M. Kort
                  One Arizona Center
                  400 E. Van Buren
                  Phoenix, AZ  85004-2202
                  Attorneys for Principal Life Insurance Company

Snell & Wilmer L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2010, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and to the following ECF registrants.

Michael G. Helms
The Helms Law Firm, P.L.C.
2600 North Central Avenue, Suite 940
Phoenix, AZ  85004

I further certify that on November 19, 2010, a courtesy copy of the aforementioned document and transmittal of a Notice of Electronic Filing were served by U.S. Mail to the following:

Michael G. Helms
The Helms Law Firm, P.L.C.
2600 North Central Avenue, Suite 940
Phoenix, AZ  85004


By  s/ Donna Razo

12240783